NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK BROWN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5013

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00121-EGB, Senior Judge Eric G. Bruggink.

---

Decided: June 5, 2015

---

FREDERICK BROWN, Garland, TX, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before PROST, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

Frederick Brown filed a complaint in the U.S. Court of Federal Claims alleging that garnishment by the Social Security Administration ("SSA") of his social security disability benefits violated the Federal Tort Claims Act ("FTCA"). Compl. ¶ 1 ("This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2401(b), 1346(b), 2671-80, as hereinafter more fully applies."). The Court of Federal Claims dismissed Mr. Brown's case for lack of subject matter jurisdiction and denied his motion to amend his complaint and motion to transfer. Mr. Brown appeals. Because Mr. Brown has not shown any reversible error by the Court of Federal Claims, we affirm.

## DISCUSSION

Subject matter jurisdiction is a question of law, which we review de novo. *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1342-43 (Fed. Cir. 2008). On this question, Mr. Brown's sole contention in his opening brief is that the Court of Federal Claims erred in relying on 28 U.S.C. § 1346(b)(1) (2013) because that statutory provision is applicable to claims of no more than $10,000, whereas Mr. Brown claims in excess of $10,000. Mr. Brown argues that 28 U.S.C. § 1491 should have been the relevant authority to establish subject matter jurisdiction.

Mr. Brown's contention is misplaced because the $10,000 limit is a provision in the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The Court of Federal Claims, however, did not rely on 28 U.S.C. § 1346(a)(2) to dismiss Mr. Brown's case. Rather, the Court of Federal Claims cited 28 U.S.C. § 1346(b)(1), which is the codification of the FTCA that Mr. Brown asserted as the basis of his claim. *See Brown v. United States*, No. 14-121C, 2014 WL 3686140, at *2 (Fed. Cl. July 16, 2014). We discern no

error in the Court of Federal Claims' citation to 28 U.S.C. § 1346(b)(1).

Moreover, the Court of Federal Claims specifically held that it lacked subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491. *Id.* This is the same provision that Mr. Brown urges as the proper authority. There is thus no dispute that the Court of Federal Claims applied the correct statute. Under the Tucker Act, the Court of Federal Claims thoroughly analyzed whether it had jurisdiction over each of Mr. Brown's claims. We discern no error in the Court of Federal Claims' holding that it lacked jurisdiction under 28 U.S.C. § 1491 over any of Mr. Brown's claims.

On reply, Mr. Brown raises for the first time an additional jurisdictional basis under the Indian Tucker Act, 28 US.C § 1505. This theory was absent in Mr. Brown's complaint and briefings in the Court of Federal Claims, and in his opening appeal brief. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Even if we were to consider Mr. Brown's new theory, it does not appear that the Indian Tucker Act, in granting jurisdiction "in favor of any tribe, band, or other identifiable group of American Indians," would provide the Court of Federal Claims with jurisdiction over Mr. Brown's personal claim for social security disability benefits. *See* 28 U.S.C. § 1505. Mr. Brown's new theory on reply, therefore, does not show that the Court of Federal Claims erred in dismissing his case for lack of subject matter jurisdiction.

The decision on a motion for leave to amend complaint lies within the sound discretion of the trial court, which we review for abuse of discretion. *Cencast Servs. v. United States*, 729 F.3d 1352, 1365 (Fed. Cir. 2013). The Court of Federal Claims reasoned that it would be futile to grant Mr. Brown leave to amend his complaint because

it would "not have jurisdiction over any of the allegations raised in the proposed amendment." *Brown*, 2014 WL 3686140, at \*4. Mr. Brown contends that the denial of leave to amend was in "complete disregard of [his proposed amendment] which stated that the violations of the Federal Government was not pursuant to the *Little Tucker Act, 28 U.S.C[.] § 1346 . . . .*" Reply Br. 5. As discussed earlier, the Court of Federal Claims' decision was not based on the Little Tucker Act. Mr. Brown's statement about the Little Tucker Act in his proposed amendment would not have addressed the Court of Federal Claims' reasons for concluding that it lacked of jurisdiction over his claims. As such, Mr. Brown has not shown that the Court of Federal Claims abused its discretion in denying leave to amend the complaint.

We also review the Court of Federal Claims' decision on a motion to transfer the case to another court for abuse of discretion. *Rick's Mushroom Serv.*, 521 F.3d at 1342. Section 405 of Title 42 of the United States Code specifies the exclusive mechanism for determining the right to Social Security benefits, and provides exclusive jurisdiction to the district courts over appeals from Social Security determinations denying benefits. The Court of Federal Claims reasoned that, in order for Mr. Brown to sue in district court, he would be required first to exhaust his administrative remedies with the SSA within certain time periods. *Brown*, 2014 WL 3686140, at \*4-5. The Court of Federal Claims further reasoned that it was presented with no facts to suggest that a district court would have jurisdiction over Mr. Brown's claims and concluded that it would not be in the interest of justice to transfer the case to a district court. *Id*. Despite these detailed bases in the Court of Federal Claims' order, Mr. Brown contends that the Court of Federal Claims "did not rule on the Appellant [sic] on the transfer motion" without further explanation on why he believes the Court of Federal Claims erred.

Appellant's Br. 2.  We conclude that the Court of Federal Claims properly denied Mr. Brown's motion to transfer.

**AFFIRMED**

COSTS

Each party shall bear its own.